IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CHERYL B. TOLLIVER, )<br>)<br>) CIVIL ACTION NO. 0:05-2859-MBS-BM<br>Plaintiff, )<br>)<br>v. ) **REPORT AND RECOMMENDATION**<br>)<br>JO ANNE B. BARNHART )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>Defendant. )<br>_____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) on May 23, 2002, alleging disability as of May 1, 2002 due to bad nerves, stomach problems and diarrhea, joint pain, and dizziness. (R.pp. 49-51, 63).[1] Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on May 3, 2005. (R.pp. 410-467). The ALJ thereafter denied Plaintiff's claim in a decision issued May 16, 2005. (R.pp. 16-25). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp.

---

[1] Plaintiff also previously filed an application for DIB on May 22, 1996, which was denied on September 13, 1997. (R.p. 16).



6-8).

The Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that the Plaintiff was properly found not to be disabled.

### Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)). The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).



**Discussion**

A review of the record shows that Plaintiff, who was thirty-one (31) years old when she alleges her disability began, has a high school education with past relevant work experience as a knitting-machine operator, quilting-machine operator, and spinning/dopping-machine operator. (R.pp. 49, 87-94). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff is unable to perform her past relevant work, she nevertheless retained the residual functional capacity to perform a limited range of light work[2], and was therefore not disabled. (R.pp. 24-25). Plaintiff asserts that in reaching this decision, the ALJ erred by failing to give proper weight to the opinion of clinical psychologist David Tollison, and by disregarding Dr. Tollison's findings and functional limitations. Plaintiff also contends that the ALJ erred by improperly relying on vocational expert testimony that Plaintiff could perform gainful activity.

After careful review and consideration of the record in this case and the arguments of the parties, the undersigned finds and concludes that the decision is supported by substantial evidence as that term is defined in the relevant caselaw, and that the decision of the Commissioner should therefore be affirmed. First, notwithstanding Plaintiff's argument to the contrary, the ALJ was

---

[2]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2005).

3



not required to accept the mental findings and functional limitations imposed by Dr. Tollison in his evaluation. As correctly noted by the ALJ in his decision, Dr. Tollison, who opined that Plaintiff did not exhibit the concentration, persistence, or pace typically required in a work setting, and that it was unlikely she could meet the typical employment standards of regular work attendance, punctuality, and productivity, only saw the Plaintiff on one occasion (September 29, 2004) for a diagnostic evaluation. (R.pp. 280-283). The ALJ carefully compared Dr. Tollison's findings with the records of Plaintiff's treating and other consultative physicians, none of whom found the significant mental impairments found by Dr. Tollison. See generally, (R.pp. 17-22). Specifically, treating physician Jerry Robinson found in September and October of 2002 that Plaintiff's chronic anxiety syndrome was controlled with Xanax and other medications; see (R.pp. 265-266); and in early 2003 specifically advised Plaintiff that she did "not have severe enough depression on any medical illnesses that [would] cause her to be disabled long term." (R.pp. 267-268). Dr. Robinson encouraged Plaintiff to "get out and seek [a] job". (R.p. 268). In October 2003, Dr. Robinson again advised Plaintiff that it would be difficult for her to get disability without "other psychiatric help"; see (R.p. 394); and in April 2004 noted that the medications Plaintiff was taking for her panic attacks "seem[ed] to be working." (R.p. 364). See Craig v. Chater, 76 F.3d 585, 589-590 (4th Cir. 1996) [noting importance of treating physician's opinion]; Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) [ALJ may properly give significant weight to an assessment of an examining physician].

    The ALJ also noted the consultative opinion of Dr. Andrew McGarity, who examined the Plaintiff on November 12, 2002. Dr. McGarity determined that Plaintiff had no major problems with attention and concentration, had a stable mood, and had adequate insight and judgment. He also opined that Plaintiff showed only "some signs of mild depression." (R.pp. 276-279). See Richardson



v. Perales, 402 U.S. 389, 408 (1971) [assessment of examining, non-treating physician may constitute substantial evidence in support of a finding of non-disability]. In reaching his decision, the ALJ specifically compared the findings of Dr. Tollison and Dr. McGarity, who each examined the Plaintiff on only one occasion, noting the contradictions between the two, and pointing out that Dr. McGarity's opinion was closer to that of Dr. Robinson, the treating opinion, which he gave the most weight. (R.pp. 21-22).

Finally, the ALJ also noted in his decision that two state agency medical consultants reviewed Plaintiff's medical records, both of whom concluded that Plaintiff had no severe mental impairment. (R.p. 22). Specifically, on November 22, 2002, Dr. Lisa Varner completed a psychiatric review form finding that Plaintiff had only mild limitations in her activities of daily living, social functioning, and concentration/persistence/pace, with no episodes of decompensation of extended duration, and that her adjustment disorder with depression and anxiety did not constitute a severe mental impairment. (R.pp. 112-117, 122). On June 15, 2003, Dr. Karen Scott also completed a psychiatric review form in which she found the same limitations as had been found by Dr. Varner. (R.pp. 128-133, 138). See Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986) [opinion of non-examining physicians can constitute substantial evidence to support the decision of the Commissioner]. The ALJ also made a point of noting that he had considered additional medical evidence obtained after the date of the state agency medical consultants' opinions in evaluating their findings and reaching his conclusions. (R.p. 22).

After review of these medical records and consideration of the testimony at the hearing, the ALJ determined that Plaintiff's mental impairment restricted her to simple, routine, repetitive tasks in a low stress, non-production environment, with only limited contact with other



people, in addition to the physical limitations also noted in the decision. (R.p. 22). These work requirements were based on the ALJ's findings that Plaintiff experiences no more than moderate limitations in her activities of daily living, social functioning and concentration, persistence or pace; that she had not experienced any extended periods of decompensation; and that although severe, her depression and anxiety had not, for any period of at least twelve consecutive months, prevented her from meeting the demands of simple, repetitive, routine work performed in a low stress non-production setting with limited contact with other people. (R.p. 19). The record contains substantial evidence to support these findings and conclusions, and the undersigned does not find any reversible error in the ALJ's consideration of the evidence in reaching his decision. While Dr. Tollison did opine that Plaintiff's mental impairment was greater than that found by the ALJ, the ALJ was not required to accept Dr. Tollison's opinion. Rather, the ALJ properly considered the entire record in reaching his decision. See Hays, 907 F.2d at 1456 [It is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence]; Mickles v. Shalala, 29 F.3d 918, 925-926 (4th Cir. 1994) [In assessing the credibility of the severity of reported subjective complaints, consideration must be given to the entire record, including the objective and subjective evidence]; Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ["[A] psychological disorder is not necessarily disabling. There must be a showing of a related functional loss."].

Plaintiff's other argument, that the ALJ gave an improper hypothetical to the vocational expert, thereby eliciting testimony that Plaintiff could perform jobs that she could not actually perform with her limitations, is without merit. Plaintiff argues that "the ALJ did not even include significant mental limitations in questioning the VE at the [hearing] which he found to exist in the hearing decision." Plaintiff's Brief, p. 6. In making this argument, Plaintiff apparently

6



believed it necessary for the ALJ to have specifically stated that the Plaintiff would have no more than moderate limitations in her activities of daily living, social functioning, and concentration, persistence, or pace.  However, the restriction of the Plaintiff to simple, repetitive, routine work performed in a low stress non-production setting with limited contact with other people, as stated by the ALJ in his hypothetical to the VE,  adequately addresses this concern. (R.pp. 455-456); *cf.* Wood v. Barnhart, No. 05-432, 2006 WL 2583097 at * 11 (D.Del. Sept. 7, 2006) [By restricting plaintiff to jobs with simple instructions, the court concluded the ALJ adequately accounted for plaintiff's moderate limitation in maintaining concentration, persistence or pace]; Smith-Felder v. Commissioner, 103 F.Supp.2d 1011, 1014 (E.D.Mich. June 26, 2000) [hypothetical question including work involving only a mild amount of stress and only "simple one, two, or three step operations" properly comports with findings of ALJ as to plaintiff's moderate limitations in concentration, social functioning, and tolerance of stress].  Plaintiff's alternative argument that the ALJ committed reversible error because he did not include in his hypothetical the degree of impairment claimed by the Plaintiff is also without merit.  Prosch v. Apfel, 201 F.3d 1010, 1015 (8th Cir. 2000) [ALJ not required to include impairments in hypothetical that were unsupported by the record].

## Conclusion

Substantial evidence is defined as " ... evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).  As previously noted, if the record contains substantial evidence to support the decision (i.e., if there is sufficient evidence to justify a refusal to direct a verdict were the case before a jury), this Court is required to uphold the decision, even should the Court disagree with the decision. Blalock,

7



483 F.2d at 775.

Under this standard, the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. Therefore, it is recommended that the decision of the Commissioner be **affirmed**.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

November 6, 2006

